

## NUMBER 13-09-104-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOSHUA DELEON,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

On July 18, 2007, appellant, Joshua DeLeon, was indicted for the offense of

burglary. *See* Tex. Penal Code Ann. § 30.02 (Vernon 2007). DeLeon pleaded guilty and

was sentenced to two years in a State Jail Facility, probated for three years, and was assessed a fine of $500.00. On January 20, 2009, the State filed a motion to revoke DeLeon's probation, alleging that DeLeon had violated his probation by committing the offense of aggravated assault causing bodily injury, failure to report, failure to perform urinalysis, and failure to pay his supervisory fees. At a hearing, DeLeon pleaded "true" to all allegations except for the allegation regarding the aggravated assault, which the State abandoned. The trial court found the allegations to be true and sentenced DeLeon to twelve years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Concluding that there are no meritorious issues for appeal, DeLeon's appellate counsel has filed a brief in which he reviewed the merits, or lack thereof, of the appeal. The State has not filed a brief. We affirm.

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there are no appealable issues for this Court to consider. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *See id*. at 744-45; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with *Anders*, following his review of the Court's file and the transcripts, his

2

research, and his correspondence with appellant, counsel presented a professional evaluation of the record including, among other things, a review of grand jury proceedings, pre-trial motions, research and investigation, competency, sentencing, right to present evidence during the guilt/innocence and punishment stages, and right to appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he has reviewed the record and concluded there are no arguable grounds for reversal. He has also informed this Court that he provided appellant with a copy of the transcripts in his case, a copy of the brief, and notified appellant of his right to review the record and to file a pro se response to counsel's brief and motion to withdraw.[1] *See In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409; *see also Anders*, 386 U.S. at 744-45; *Stafford*, 813 S.W.2d at 509; *High*, 573 S.W.2d at 813.

## II. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must "conduct 'a full examination of all the proceedings to decide whether the case is wholly frivolous.'" *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quoting *Anders*, 386 U.S. at 744); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

App.–Corpus Christi 2002, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgment of the trial court is affirmed. In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant his motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP.

_____

[2]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                        ROSE VELA
                                        Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of November, 2009.

5